IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 24-145 |
| ZHENGCHENG HUANG | : | |

**GOVERNMENT'S MOTION FOR JUDGMENT AND
PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, Matthew T. Newcomer, Assistant United States Attorney, Deputy Chief, Economic Crimes / Asset Recovery and Financial Litigation Unit, Jason Grenell and J. Andrew Jenemann, Assistant United States Attorneys, respectfully requests entry of a Judgment and Preliminary Order of Forfeiture, and, in support of this motion, the United States represents as follows:

1. On April 10, 2024, Zhengcheng Huang was charged in an Indictment with conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 846 (Count One).

2. The Indictment also contained a Notice of Forfeiture. The Notice of Forfeiture alleged that the defendant shall forfeit certain property, pursuant to 21 U.S.C. § 853, as a result of his violation of 21 U.S.C. § 846 (Count One). The Notice of Forfeiture also provided notice that, in the event such property cannot be located, the government would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

3. On February 28, 2025, the defendant pleaded guilty to Count One of the Indictment.

4. As a result of his guilty plea, the defendant is required, pursuant to 21 U.S.C. § 853, to forfeit criminally (a) any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of his violation of 21 U.S.C. § 846, as charged in Count One of the Indictment; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation of 21 U.S.C. § 846, as charged in Count One of the Indictment.

5. Based on the facts set forth at the defendant's plea hearing, the evidence presented at the forfeiture hearing held on September 16, 2025, and the record as a whole, the government avers that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal act alleged in Count One of the Indictment, and that the government has established the requisite nexus between such property and such offense:

    **a) 199.4703878 Bitcoin, held at wallet address bc1qj5ra4ljt66zl62gd7znl34eau7gx5k5c90vkk5,**

as (a) property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of his violation of 21 U.S.C. § 846; and/or (b) property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation alleged in Count One of the Indictment (hereinafter referred to as the "Subject Property").

6. Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contender is accepted … the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). When the government seeks forfeiture of specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense;" when the government seeks a forfeiture money judgement, "the court must

determine the amount of the money that the defendant will be ordered to pay." Id. The Court's determination may be based on "evidence already in the record … and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). The preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

7. Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, or if the defendant is represented, upon the defendant's counsel, and on any person known to have an interest in the Subject Property.

8. The government requests authority to conduct discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

9. The government requests authority to seize the Subject Property described above, if not already in the government's custody or subject to a restraining order, if necessary to protect the interests of the United States in the property, pursuant to 21 U.S.C. § 853(g).

10. The government requests authority to undertake publication of the forfeiture order, once the government seizes the specific property identified above, and notify

potential third-party claimants, pursuant to Fed. R. Crim. P. 32.2(b)(3), (b)(6) and (c)(1)(B) and 21 U.S.C. § 853(n)(1).

For the reasons stated above, the government requests that this Court enter the attached Order.

        Respectfully submitted,

        DAVID METCALF
        United States Attorney


        MATTHEW T. NEWCOMER
        Assistant United States Attorney
        Deputy Chief, Economic Crimes /
        Asset Recovery & Financial Litigation


        *s/ J. Andrew Jenemann*
        J. ANDREW JENEMANN
        JASON GRENELL
        Assistant United States Attorneys

Date:   October 10, 2025

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 24-145 |
| ZHENGCHENG HUANG | : | |

**ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As a result of defendant Zhengcheng Huang's guilty plea as to Count One of the Indictment, charging conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 846 (Count One), the defendant is required to forfeit criminally: (a) any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the defendant's violation of 21 U.S.C. § 846, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, as charged in Count One of the Indictment, pursuant to 21 U.S.C. § 853.

2. All property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the defendant's violation of 21 U.S.C. § 846, and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, charged in Count One of the Indictment, are forfeited to the United States, pursuant to 21 U.S.C. § 853.

3. The Court has determined, based on the facts set forth at the defendant's plea hearing, the evidence presented at the forfeiture hearing held on September 16, 2025, and the record as a whole, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal act alleged in Count One of the Indictment, that the

government has established the requisite nexus between such property and such offenses, and that the following property is forfeited to the United States:

      a) 199.4703878 Bitcoin, held at wallet address

          bc1qj5ra4ljt66zl62gd7znl34eau7gx5k5c90vkk5,

as (a) property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of his violation of 21 U.S.C. § 846; and/or (b) property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation alleged in Count One of the Indictment (hereinafter referred to as the "Subject Property").

    4. Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

    5. Upon entry of this Order, the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order, pursuant to Fed. R. Crim. P. 32.2(b)(3).

    6. Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

    7. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official

internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

8. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

9. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

10. Following the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance

with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

       11.     The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

       12.     The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

       13.     The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to counsel for the parties.

ORDERED this ___ day of _____, 2025.

_____
**HONORABLE MICHAEL M. BAYLSON**
**United States District Court Judge**

**CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for Order of Forfeiture and proposed Forfeiture Order have been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and are available for viewing and downloading from the ECF system, and that a true and correct copy of the motion and proposed order were served upon counsel for the defendant by electronic filing, as follows:

SUSAN M. LIN
KAIRYS RUDOVSKY MESSING FEINBERG & LIN LLP
THE CAST IRON BUILDING
718 ARCH ST SUITE 501 SOUTH
PHILADELPHIA, PA 19106
slin@krlawphila.com
215-925-4400

*/s/J. Andrew Jenemann*
J. ANDREW JENEMANN
JASON GRENELL
Assistant United States Attorneys

Date: October 10, 2025